[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12581
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-03043-TWT


DEUTSCHE BANK TRUST COMPANY AMERICAS,
as trustee for Fifteen Piedmont Center,

                                                         Plaintiff-Appellee,

versus

CHRISTOPHER M. HUNT, SR.,

                                                         Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 4, 2019)

Before TJOFLAT, JORDAN, and NEWSOM, Circuit Judges.

PER CURIAM:

I.

Deutsche Bank filed a dispossessory proceeding against Christopher M. Hunt Sr., a Georgia state resident, in Georgia state court.  The state court granted Deutsche Bank a writ of possession.  Rather than post the *supersedeas* bond required by the superior court to appeal that ruling, Hunt removed the dispossessory action to federal court.  He sought a temporary restraining order ("TRO") against the state court's ruling.  The District Court denied the TRO, and Hunt appealed that interlocutory ruling.  We affirm.

II.

We must first determine whether we have appellate jurisdiction over this case.  We conclude that we do.

The denial of a preliminary injunction is an appealable interlocutory order. 28 U.S.C. § 1292(a)(1).  In contrast, ordinarily, the denial of a TRO is not appealable.  *See AT&T Broadband v. Tech Commc'ns, Inc.*, 381 F.3d 1309, 1314 (11th Cir. 2004).  However, in certain circumstances, we treat the denial of a TRO as the denial of a preliminary injunction, and therefore we have jurisdiction to review the interlocutory order.  *AT&T Broadband*, 381 F.3d at 1314.  We may review a TRO if three conditions are satisfied: "(1) the duration of the relief sought . . . exceeds that allowed by a TRO (ten days), (2) the notice and hearing sought . .

2

. suggest that the relief sought was a preliminary injunction, and (3) the requested relief seeks to change the status quo." *Id.*

Here, appellate jurisdiction exists to review the TRO because it is sufficiently similar to a preliminary injunction. Specifically, (1) the duration of the relief Hunt sought would have exceeded ten days, (2) the notice referred to a preliminary injunction and alleged irreparable harm—the dispossession would be catastrophic for Hunt's home-based business, and (3) the relief sought would have changed the status quo, namely the right to possession of Hunt's home. Accordingly, we have jurisdiction to consider this appeal.

### III.

We next must consider whether the District Court properly concluded that Hunt was not entitled to the TRO that he sought. We conclude that it did.

Hunt is a resident of Georgia and Deutsche Bank brought an action in a Georgia state court against him. Therefore, Hunt's removal of the action to federal court was improper. 28 U.S.C. § 1441(b)(2) (a defendant in a diversity case cannot remove the case to federal court if any defendant is "a citizen of the State in which such action is brought"). As such, the District Court properly held that he was not entitled to any relief in federal court.

Accordingly, we affirm.

**AFFIRMED.**

3